Paul Feleciano, Jr., Chairperson Kansas Parole Board Landon State Office Building 900 SW Jackson Street, 4th Floor Topeka, KS 66612-1236
Dear Mr. Feleciano:
As Chairman of the Kansas Parole Board you request our opinion regarding the frequency in which an individual may submit a formal application for executive clemency. You are concerned about the repeated submission of clemency applications when a denial has previously been issued and no changes in circumstances have occurred. For authority you cite K.S.A. 2006 Supp. 22-3701(2) and K.A.R. 45-900-1.
Clemency power is the power to reduce criminal punishment. This power generally includes the right to commute sentences, grant reprieves, and grant pardons.[1] Article 1, Section 7, of the Kansas Constitution vests pardoning power in the governor, subject to the "regulations and restrictions prescribed by law."
Neither the statute or regulation under review provides for, or even addresses, the number of clemency applications a person may submit. However, a complete reading of the statute strongly suggests that there is no limit, as the statute clearly states that the State will bear the cost of one publication in the official county newspaper of the county of conviction of one notice of receipt of a clemency application. If an applicant submits additional applications during a twelve-month period, the applicant assumes the additional publication costs. K.S.A. 2006 Supp. 22-3701(3) provides:
 "If the applicant executes a poverty affidavit, the cost of one publication of the notice during a twelve-month period shall be paid by the state. If more than one notice of application is published during any twelve-month period the additional cost of publication shall be paid by the applicant."
Since the statute contemplates multiple clemency applications submitted by the same individual during one twelve-month period, it is our opinion that the Parole Board has no authority to enact regulations that limit the number of applications a person may submit.
However, as the Governor's power to pardon and commute sentences is subject to regulations and restrictions as prescribed by law, we believe that the Legislature could enact legislation addressing the number of clemency applications an individual may submit.
Sincerely,
Paul J. Morrison Attorney General
Rebecca E. Rand Assistant Attorney General
[1] 67A C.J.S. Pardon Parole § 1 (2007).